UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
         -against-                               :
                                                :    **MEMORANDUM AND ORDER**
TYREK TOWNSEND,                                 :    **15-cr-653 (DLI)**
                                                :
                     Defendant.                  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

Before the Court is Defendant Tyrek Townsend's ("Defendant") motion to suppress physical evidence and post-arrest statements made by him,[1] along with an affirmation signed by him in support thereof. (*See* Def's. Mem. of Law in Supp. of Mot. to Suppress ("Def's. Mem."), Dkt. Entry No. 12.) The government opposes and asserts that Defendant's affirmation is insufficient to create an issue of fact that warrants an evidentiary hearing. (*See* Gov't Mem. of Law in Opp. to Mot. to Suppress ("Gov't Opp."), Dkt. Entry No. 13.) For the reasons set forth below, the Court agrees with the government. Accordingly, Defendant's motion to suppress is denied without a hearing.

## **BACKGROUND**[2]

On December 30, 2015, a grand jury of the Eastern District of New York returned an indictment charging Defendant with: (1) possession with intent to distribute alprazolam in violation of 21 U.S.C. §§ 841(a)(1) and (b)(2); (2) unlawful possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c); and (3) being a felon in possession of a firearm

---

[1] Defendant initially moved to suppress only his post-arrest videotaped statement, which the government states it does not intend to introduce at trial. In his reply memorandum, Defendant, for the first time, moved to suppress all post-arrest statements made by him.

[2] The following facts are taken from the government's memorandum of law in opposition to Defendant's motion. Defendant's reply brief catalogues the discovery received from the government, which reiterates the facts as alleged by the government. Any challenge to the content of the reports by Defendant is best reserved for cross-examination at trial.

in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3551 *et seq*. (*See* Indictment, Dkt. Entry No. 6.)

The charges stem from Defendant's arrest by officers of the New York City Police Department ("NYPD") late in the evening of November 21, 2015. (*See generally* Gov't Opp.) That evening, NYPD officers stationed on the roof of a building in Brooklyn, New York observed what appeared to be a drug transaction between Defendant and another individual on the street below. (Gov't Opp. at 3.) The officers exited the building and approached Defendant. (*Id.*) They instructed Defendant to stop and put his hands behind his back. (*Id.*) As one officer held Defendant's jacket, Defendant pushed a second officer and attempted to flee. (*Id.*) The officers tried to restrain Defendant, and a struggle ensued. (*Id.*) Ultimately, the officers handcuffed Defendant and brought him to an NYPD van where an officer noticed that Defendant's jacket appeared to be weighed down by what the officer believed was a firearm. (*Id.* at 3-4.) At that moment, the officer said to Defendant, "Are you kidding me," and Defendant replied that he was sorry. (*Id.* at 4.) The officer then reached into Defendant's jacket and discovered a loaded, semiautomatic pistol with a defaced serial number. (*Id.*)

After recovering the pistol, the officers brought Defendant to the police precinct for processing. (*Id.*) As an officer processed him, Defendant stated that he "had drugs in his butt." (*Id.*) The officer searched Defendant and recovered a plastic bag containing approximately six tablets of alprazolam from his rectum. (*Id.*) During processing, Defendant asked the officer what the charges against him were. (*Id.*) The officer stated, "the drugs and whatever else you had," to which Defendant responded, "The gun?" (*Id.*) Also during processing, the officer vouchered approximately $120 in cash from Defendant. (*Id.*)

On November 22, 2015, an officer escorted Defendant to an interview with an NYPD

detective at the precinct. (*Id.*) Before meeting with the detective, Defendant told the escorting officer that he was not trying to hurt the officers who arrested him, but that he knew he had a gun and was just trying to get away. (*Id.* at 5.) When the videotaped interview began, the detective advised Defendant of his Miranda rights, and Defendant declined to speak without a lawyer. (*Id.*)

## DISCUSSION

Not every motion to suppress warrants an evidentiary hearing. *See United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005). An evidentiary hearing is not required on a motion to suppress unless the defendant submits sworn factual allegations from an individual with personal knowledge. *See United States v. Gillette,* 383 F.2d 843, 848 (2d Cir.1967); *see also United States v. Ciriaco*, 121 F. App'x 907, 909 (2d Cir. 2005) (Summary Order); *United States v. Barrios*, 2000 WL 419940, at *1 (2d Cir. Apr. 18, 2000) (Summary Order); *United States v. Singh*, 2012 WL 2501032, at *2 (E.D.N.Y. June 27, 2012) (collecting cases). However, barebones allegations are insufficient to warrant an evidentiary hearing. *See United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969). Instead, the allegations must be "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question." *Watson*, 404 F.3d at 167 (internal citation and quotations omitted); *see also United States v. Seijo*, 2003 WL 21035245, at *4 (S.D.N.Y. May 7, 2003). Where the allegations of factual dispute are "'general, conclusory or based on conjecture' no hearing is required." *United States v. Wilson*, 493 F. Supp. 2d 364, 380 (E.D.N.Y. 2006).

Here, Defendant submitted an affirmation under penalty of perjury that lacks the detail and specificity required to establish a contested issue of fact because his allegations are general and conclusory. In his motion, Defendant alleges that the police officers had insufficient probable cause either to seize or search him. To support this assertion, Defendant's affirmation contains

3

only two allegations: (1) that he "was not doing anything suspicious" when the police approached him and arrested him; and (2) that the police detained him by "forcibly tackling [him]." (Affirmation of Tyrek Townsend ("Townsend Aff."), Dkt. Entry No. 12, at ¶¶ 4-6.) These conclusory and general allegations contain no factual assertions. *See United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998) (*per curiam*) (noting that, without "specification of the factual basis for [Defendant's] characterization, the district court is not required to have a hearing"). In other words, the allegations "neither explain[] the circumstances surrounding his arrest nor describe[] the sequence of events that transpired that day." *United States v. Ruiz*, 1994 WL 613294, at *4 (S.D.N.Y. Nov. 7, 1994) (finding statement that "the police, for no apparent reason, detained me, searched my person, and seized property" vague and conclusory); *Jauregui v. Senkowski*, 1991 WL 8508, at *3 (S.D.N.Y. Jan. 22, 1991). Without a factual foundation for his conclusions, Defendant's affirmation lacks the required specificity to deduce that there is a factual dispute surrounding his arrest and search by the police.

Similarly, there are no allegations whatsoever explaining the circumstances under which Defendant made the statements he seeks to suppress. Indeed, there is no allegation that Defendant even made a statement to the police. Defendant alleges only that he "was placed in a video room and asked did [he] want to speak and [he] said no." (Townsend Aff., at ¶ 11.) This single allegation is not sufficiently specific or detailed, and, thus, does not raise a contested issue of fact requiring an evidentiary hearing. *See United States v. Rijo*, 2006 WL 3056526, at *13 (W.D.N.Y. July 19, 2006); *United States v. McDarrah*, 2006 WL 1997638, at *11 (S.D.N.Y. July 17, 2006). Significantly, the government has represented that it will not use the videotaped statement Defendant seeks to suppress at trial. As such, the suppression issue is moot. *See United States v. Ahmed*, 94 F. Supp. 3d 394, 437 (E.D.N.Y. 2015).

Apparently recognizing the deficiencies in his affirmation, Defendant's reply brief contains a recitation of documents received from the government in discovery with arguments disputing either their veracity or accuracy. Based on these documents, Defendant also includes a more detailed factual account of the events leading to his arrest in a declaration from his attorney. It is well settled that an attorney's declaration, absent personal knowledge, is insufficient to warrant a suppression hearing. *Gillette,* 383 F.2d at 848; *United States v. Shaw*, 260 F. Supp. 2d 567, 570 (E.D.N.Y. 2003) (collecting cases). Here, regardless of its content, the attorney declaration is inadequate to create a factual dispute requiring a hearing because the declaration is not based on the attorney's personal knowledge of the underlying facts, but "upon information and belief." *See United States v. Moreno*, 2009 WL 454548, at *4 (E.D.N.Y. Feb. 24, 2009); *United States v. Watts*, 2005 WL 2738948, at *2 (S.D.N.Y. Oct. 21, 2005). Additionally, defense counsel's statements in Defendant's reply brief are insufficient because statements in a memorandum of law are "not evidence at all." *See Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003); *see also United States v. Parrilla*, 2014 WL 1621487, at *4 (S.D.N.Y. Apr. 22, 2014). Given that his attorney lacks the required personal knowledge, Defendant cannot rely on these documents to bolster his deficient affirmation. Accordingly, his motion is denied without a hearing. *See Ruiz*, 1994 WL 613294, at *5 n. 3.

Finally, it bears noting that the Court takes a dim view of the approach taken by Defendant in this case, particularly when the Court specifically admonished defense counsel that the law in this Circuit is clear: a motion to suppress evidence requires the submission of an affidavit or affirmation based on personal knowledge that contains sufficient sworn allegations of the relevant facts and events in question at the time the motion is made. Moreover, by adding new arguments and claiming for the first time in his reply brief that Defendant was contesting *all* statements made

by him, and not just the videotaped statement, unfairly precluded the government from addressing these claims. As such, the Court is entitled to disregard these new arguments. *See In re Harris*, 464 F.3d 263, 268 n. 3 (2d Cir. 2006) ("We generally do not consider issues raised in a reply brief for the first time because if [a litigant] raises a new argument in a reply brief [the opposing party] may not have an adequate opportunity to respond to it.") (internal citation and quotation marks omitted); *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (*per curiam*) ("[N]ew arguments may not be made in a reply brief…and we decline to entertain the theories so proffered.").

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to suppress is denied without a hearing.

SO ORDERED

Dated: Brooklyn, New York  
      June 23, 2016

/s/  
Dora L. Irizarry  
Chief United States District Judge