

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| RMT:DKK | *271 Cadman Plaza East* |
| F.# 2016R02019 | *Brooklyn, New York 11201* |

January 17, 2017

By ECF and By Hand

The Honorable Dora L. Irizarry
Chief United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Tyrek Townsend
       Criminal Docket No. 15-653 (DLI)

Dear Chief Judge Irizarry:

    The government respectfully submits this letter in anticipation of the defendant's sentencing, scheduled for January 25, 2017, at 10:00 a.m.

    As discussed in the Presentence Investigation Report ("PSR"), on November 21, 2015, the defendant was arrested by NYPD officers in Brooklyn after he was observed engaging in what those officers believed to be a hand-to-hand narcotics transaction. (PSR ¶ 6.) After he resisted arrest, the defendant was handcuffed and searched, which search revealed a loaded 9mm Makarov pistol with a defaced serial number. (Id. ¶ 7.) A later search revealed that the defendant also had six tablets of alprazolam, otherwise known as Xanax, a Scheduled IV controlled substance. (Id. ¶ 7.) On September 12, 2016, the defendant pleaded guilty pursuant to a plea agreement to being a felon in possession of a firearm and possession of alprazolam with intent to distribute it. (Id. ¶ 5.)

    The government respectfully requests that the Court sentence the defendant to a term of imprisonment of 46 to 57 months, the Guidelines range of imprisonment incorporated in

the plea agreement signed by the parties.[1]  Such a sentence would be sufficient to address the various considerations provided under 18 U.S.C. § 3553(a), including the seriousness of the defendant's possession of a 9mm pistol with a defaced serial number, the need to provide adequate deterrence to others contemplating similar acts, the defendant's conduct resisting arrest, his lengthy criminal history—which includes violent crime—and his individual facts and circumstances.

   In a December 16, 2016, letter to the Probation Department, the defendant objected to the Guidelines calculation in the PSR on the grounds that the government had not established that either of the defendant's two prior felony convictions should be counted in the calculation.  In its December 21, 2016, response, the government argued that both prior felonies should count, and the Probation Department rejected the defendant's position.[2]  The government respectfully submits that the Court also should reject the defendant's objections, for the reasons given in the government's letter.  In addition, in his sentencing submission to this Court, the defendant presents a number of facts and circumstances that he believes warrant a below-Guidelines sentence.  The government does not dispute that those facts and circumstances are relevant to the Court's analysis but submits they should be weighed against the defendant's conduct and lengthy criminal history.

---

[1] The government concurs with the Guidelines range calculated in the PSR, dated December 7, 2016, and reaffirmed in the Addendum to the PSR, dated January 12, 2017.  The government also notes that both the text of the plea agreement signed by the defendant and the Court's colloquy with the defendant at his plea put the defendant on notice that the Guidelines estimate in the plea agreement was not binding on any party.  Nevertheless, the government acknowledges that the Guidelines range calculated by the Probation Department is significantly higher than was the range estimated in the plea agreement.  As discussed in the government's December 13, 2016, letter to the Probation Department, the estimate in the plea agreement did not account for the defendant's prior conviction for assault in New Jersey, which the government inadvertently omitted from its calculation of the base offense level and of the defendant's criminal history, or for the defacement of the defendant's firearm, which defacement was not charged in the indictment pursuant to 18 U.S.C. § 922(k).

[2] The government incorporates the contents of that December 21 letter by reference.

For these reasons, and the reasons given in the PSR, the government respectfully requests that the Court sentence the defendant to a term of imprisonment of 46 to 57 months.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By:     /s/ David K. Kessler
David K. Kessler
Assistant U.S. Attorney
(718) 254-7202

cc:     Defense Counsel (by ECF)
Frank M. Marcigliano, Senior United States Probation Officer (by Email)

3